# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | |
|---|---|
| LEONEL GOMEZ, | |
|     Individually, and on behalf of all others | |
|     similarly situated, | |
|         PLAINTIFFS, | |
| | |
| v. | Case No.: 7:21-cv-60 |
| | |
| ATLANTIC RECOVERY SOLUTIONS, LLC, and | |
| TRAVELERS CASUALTY AND SURETY COMPANY | |
| OF AMERICA, | |
|     Defendants. | |
| | |

## COMPLAINT

Plaintiff Leonel Gomez ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Atlantic Recovery Solutions, LLC ("Atlantic") and Travelers Casualty and Surety Company of America ("Travelers") and alleges as follows:

## NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Texas Finance Code ("TFC") § 392.001, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over defendants because these companies regularly conducted business activities in the State of Texas or directed business activities toward Texas residents in order to profit from their endeavors in this state or from residents of this State, thus purposefully availing themselves of the benefits of doing business here.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

6.   The Plaintiff, Leonel Gomez ("Plaintiff"), is an adult individual residing in Hidalgo County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7.   Atlantic is a company operating from the Buffalo, New York area.

8.   Atlantic can be served in Texas via its registered agent, Registered Agents, Inc. at 5900 Balcones Drive, Suite 100, Austin, Texas, 78731.

9.   Atlantic is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10.  Travelers Casualty and Surety Company of America ("Travelers") is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

11.  Travelers is liable for the acts committed by Atlantic complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 105958155, as well as any other applicable law.

## FACTUAL ALLEGATIONS

12.  Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the

"Account").  Specifically, Plaintiff believes the account was an old PayPal credit card account used to purchase various personal effects and not for any business purposes.

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was sold to or otherwise transferred to Atlantic for collection.

15. Diverse then transferred the account to Atlantic for collection.

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

17. Plaintiff disputes the amount Atlantic was attempting to collect on the Account.

18. Plaintiff requests that Atlantic cease all further communication on the Account.

19. Atlantic's collector(s) were employee(s) of Atlantic at all times mentioned herein.

20. Atlantic acted at all times mentioned herein through its employee(s).

21. During the one year prior to the date of the filing of this Complaint, Atlantic and/or representative(s), employee(s) and/or agent(s) of Atlantic made telephone calls to Plaintiff to collect the Account.

22. On January 7, 2021, Atlantic attempted collections by sending Plaintiff a text message that stated:

> This text is from ARS.  Leon Gomez we have documentation in our office that requires your immediate attention.  We need to speak to you, or your attorney today regarding your paperwork received.  Any questions or concerns, please call the office directly at 480-608-9011 and refer to Case# 2316489 while calling back.

23. On January 11, 2021, Atlantic attempted collections by again sending Plaintiff a text message that stated:

> This text is from ARS.  Leon Gomez we have documentation in our office that requires your immediate attention.  We need to speak to you, or your attorney today regarding your paperwork received.  Any questions or concerns, please call the office directly at 346-396-2752 and refer to Case# 2316489 while calling back.

24. On January 12, 2021, Atlantic attempted collections by again sending Plaintiff a text message that stated:

> This text is from ARS.  Leon Gomez we have documentation in our office that requires your immediate attention.  We need to speak to you, or your attorney today regarding your paperwork received.  Any questions or concerns, please call the office directly at 346-396-2752 and refer to Case# 2316489 while calling back.

25. Atlantic used the language in the text messages transcribed above, specifically the language "documentation in our office" and "We need to speak to you or your attorney today regarding your paperwork received" and "case#" for the purpose of causing Plaintiff to believe that Atlantic would pursue legal action against Plaintiff if the account was not paid.

26. The language used by Atlantic in the voicemails transcribed above would cause the least sophisticated consumer to believe that Atlantic intended to sue Plaintiff on the account if the account was not paid.

27. Atlantic did not have the present intention of suing Plaintiff on the Account at the time the text messages transcribed above were sent for Plaintiff.

28. Further, the use of the word today in the context it was used, was used purposefully by Atlantic to create a false sense of urgency and to cause Plaintiff to believe that Atlantic would sue Plaintiff on the account if the account was not paid immediately.

29. The information communicated to Plaintiff by Atlantic was false, deceptive and misleading.

30. Atlantic knew that the information provided to Plaintiff was false, deceptive and misleading.

31. Atlantic told Plaintiff the above-described false information in order to trick, deceive and manipulate Plaintiff into transmitting money to Atlantic.

32. Atlantic did not inform Plaintiff in the text messages transcribed above that Atlantic was a debt collector or that Atlantic was attempting to collect a debt or that any information obtained by Atlantic would be used for the purpose of debt collection.

33. In the text messages transcribed above, Atlantic failed to inform Plaintiff of Plaintiff's right to dispute the debt and/or request validation of the debt.

34. In all of the text messages transcribed above, Atlantic failed to provide Plaintiff with meaningful disclosures of its identity.

35. Atlantic's purpose for the text messages transcribed above was to attempt to collect the Account.

36. The text messages each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

37. The text messages each individually constituted a "communication" as defined by 15 U.S.C § 1692a(2).

38. The only reason that Atlantic and/or representative(s), employee(s) and/or agent(s) of Atlantic sent text messages to Plaintiff was to attempt to collect the Account.

39. All of the act(s) and omission(s) by Atlantic and/or its employees and/or agents alleged in the preceding paragraphs were done knowingly and willfully by Atlantic.

40. As a consequence of Atlantic's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## CLASS ACTION ALLEGATIONS

## CLASS ONE – FDCPA CLASS

41. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Atlantic in an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer received a text message from Atlantic that was the same as, or substantially the same as, one of the three text messages transcribed above, and/or where Atlantic failed to provide disclosure to any consumer within five days of the first communication with the consumer of the consumer's right to dispute or request validation of the debt in question.

42. Excluded from the Class are Atlantic, all other defendants named herein, the officers and directors of Atlantic, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Atlantic has or had a controlling interest.

43. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Atlantic.

44. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Atlantic and Plaintiff has suffered substantially similar injuries as each member of the Class.

45. Plaintiff has retained counsel experienced and competent in class action litigation.

46. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

47. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Atlantic has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

   a.     Atlantic's violations of 15 U.S.C. § 1692 *et seq*. as alleged herein;

   b.     Atlantic's conduct particular to the matters at issue was identical or substantially similar; and

   c.     The availability of statutory penalties.

### CLASS TWO—TEXAS FINANCE CODE CLASS

48. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Atlantic in connection with an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer received a text message from Atlantic that was the same as, or substantially the same as, one of the three text messages transcribed above.

49. Excluded from the Class are Atlantic, all other defendants named herein, the officers and directors of Atlantic, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Atlantic has or had a controlling interest.

50. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Atlantic.

51. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Atlantic and Plaintiff has suffered substantially similar injuries as each member of the Class.

52. Plaintiff has retained counsel experienced and competent in class action litigation.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

54. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Atlantic has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

   a.      Atlantic's violations of Tex. Fin. Code § 392.101 as alleged herein;

b.      Atlantic's conduct particular to the matters at issue was identical or substantially

similar; and

c.      The availability of statutory penalties.

**RESPONDEAT SUPERIOR**

55. The representative(s) and/or collector(s) at Atlantic were employee(s) and/or agents of

Atlantic at all times mentioned herein.

56. The representative(s) and/or collector(s) at Atlantic were acting within the course and/or

scope of their employment at all times mentioned herein.

57. The representative(s) and/or collector(s) at Atlantic were under the direct supervision and/or

control of Atlantic at all times mentioned herein.

58. The actions of the representative(s) and/or collector(s) at Atlantic are imputed to their

employer, Atlantic.

**COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
BY ATLANTIC RECOVERY SOLUTIONS, LLC**

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of Atlantic and its representative(s), employee(s) and/or agent(s)

violated 15 U.S.C. §1692d(6) and §1692e(2)&(3)&(5)&(8)&(10)&(11)&(14) and §

1692g(a).

61. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs

from Atlantic.

**COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
BY ATLANTIC RECOVERY SOLUTIONS, LLC**

62. The previous paragraphs are incorporated into this Count as if set forth in full.

63. The act(s) and omission(s) of Atlantic and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

64. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Atlantic.

65. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Atlantic enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ATLANTIC RECOVERY SOLUTIONS, LLC

66. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Atlantic is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). Atlantic intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

67. Plaintiff suffered actual damages from Atlantic as a result of Atlantic's intrusion.

### COUNT IV:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF ATLANTIC RECOVERY SOLUTIONS, LLC

68. The previous paragraphs are incorporated into this Count as if set forth in full.

69. The act(s) and omission(s) of Atlantic and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)& (19) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

70. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## JURY TRIAL DEMAND

71. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

72. Judgment in favor of Plaintiff and against Atlantic Recovery Solutions, LLC, Inc. as follows:

   a.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d.   Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   e.   An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

   f.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

   g.   Such other and further relief as the Court deems just and proper.

73. Judgment in favor of Plaintiff and against Travelers Casualty and Surety Company of America for its liability for the acts of Atlantic Recovery Solutions, LLC as follows:

   a.   Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   b.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
ArkBN: 2006164
THE WOOD FIRM, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff